IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>FERNANDO MARTINEZ,<br><br>                Defendant. | 4:14CR3049<br><br>**MEMORANDUM AND ORDER ON (1) APPLICABILITY OF THE *JOHNSON* CASE TO THE RESIDUAL CLAUSE OF THE SENTENCING GUIDELINES TO CASES THAT WERE NOT FINAL AND (2) SENTENCING SCHEDULE FOLLOWING REVERSAL AND REMAND** |

      Pursuant to a direct appeal, my sentence was reversed and this case remanded to me for resentencing for consideration of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 2557 (2015) and otherwise. United States v. Martinez, No. 15-1004, 2016 WL 1743014 (8th Cir., May 3, 2016). The mandate has now been issued. As a result, I conferred with counsel over the phone. I now make a ruling necessary to the proper progression of this case. After that, I issue a progression order.

      First, it necessary to know whether the *Johnson* case applies to the residual clause found in U.S.S.G. § 4B1.2(a)(2) of the Guidelines for a case like this one that was not final at the time *Johnson* was decided. Since the Guidelines are the "starting point," and the language of the residual clause in the Guidelines is a very important part of that starting point, and since in a statute using the identical residual clause language the Supreme Court found the words to be too vague, I find and conclude that the residual clause contained within the Guidelines is unconstitutional as it is void for vagueness. I could write pages and pages on this subject, but having made my point on the centrality of the Guidelines and the need for clarity, I need write no more.[1]

      Second, having made the foregoing decision, I am now able to issue a progression order for sentencing and a *revised* presentence report. Therefore,

      IT IS ORDERED that the residual clause of U.S.S.G. § 4B1.2(a)(2) is found to be unconstitutionally vague for cases that were not final at the time the *Johnson* decision was rendered.

      IT IS FURTHER ORDERED that the following schedule and related directions for preparation of a revised presentence report shall be followed:

1.     A. The probation officer shall *not* apply the residual clause of U.S.S.G. § 4B1.2(a)(2);

      B. **June 3, 2016**: Counsel's respective versions of the offense(s) to the probation office;

---

[1] This ruling does not apply to cases that were final before *Johnson* was decided. Such cases are harder since they involve important issues of finality.

1

2. **June 24, 2016**: Financial information, restitution proposal and any chemical dependency/mental health evaluation to the probation office by counsel;

3. **July 8, 2016**: Revised presentence report to counsel by the probation office. Defense counsel will insure that (a) the defendant has had an opportunity to read the initial PSR, or, if the defendant is not fluent in English, that an interpreter has read it to the defendant, and (b) the defendant has had an opportunity to voice any objections to defense counsel, before defense counsel submits objections to the initial PSR. ***The probation officer shall take care to include within the revised presentence report information regarding the institutional adjustment of the offender***;

4. **July 18, 2016**: Objections by counsel to the revised presentence report;

5. **July 28, 2016**: Probation office's submission to the judge and counsel of revised presentence report with changes, if any, responsive to counsels' objections, and, if needed, an addendum explaining the probation officer's position regarding any objections to the presentence report previously submitted by counsel;

6. **August 4, 2016**:
    (a) Any proposals to the probation office for community service, community confinement, intermittent confinement or home detention;

    (b) Motions to the court:
        (1) for departure under the guidelines (including, but not limited to, motions by the government) ; and
        (2) for deviation or variance from the guidelines as allowed by the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005) or its progeny;

    (c) Counsel's filing and serving on all other parties and the probation officer a written statement of position respecting each of the unresolved objections to the presentence report, including the specific nature of each objection to the presentence report.

    (d) If evidence is to be offered in support of or in opposition to a motion under subparagraph (b) of this paragraph or in support of or in opposition to an objection under subparagraph (c) of this paragraph 6, it must be: by affidavit, letter, report or other document attached to the statement of position or by oral testimony at the sentencing hearing. If oral testimony is desired, a request must be made in the statement of position and the statement of position must reveal (1) the nature of the expected testimony, (2) the necessity for oral testimony, instead of documentary evidence, such as affidavits, (3) the identity of each proposed witness, and (4) the length of time anticipated for presentation of the direct examination of the witness or witnesses. If a request for oral or documentary evidence is made by one party but not by the adverse party, the adverse party within five working days thereafter may make a responsive request for oral or documentary evidence, setting out details in the same manner as required by this paragraph 6(d).

    (e) Motions for departure should be supported by a brief that explains why the departure from the guideline sentencing range is justified by normal guideline

departure theory. Motions for deviation or variance from the guidelines as allowed under *Booker* or its progeny should be supported by a brief that explains why a sentence other than that called for under the guidelines is justified by a principle of law that is different in kind or degree from the normal principles of law applied under a strict application of the guidelines.

(f) It is expected that any objection first raised in a party's statement of position will be addressed at the judge's discretion, and that no consideration will be given to any sentencing factor first raised after the filing of the written statement.

7. **August 11, 2016**: *I herewith give notice to the defense that I will be considering whether to depart upward on my own motion should the defendant not be found to be a career offender.* Judge's additional notice to counsel of rulings, tentative findings, whether oral testimony is to be permitted, and how objections to tentative findings may be made; and

8. The following procedures shall apply to objections to tentative findings:

    (a) A written objection to tentative findings is not required if no evidence will be offered in support of the objection to tentative findings and no new substantial issue of law will be raised in support of an objection to tentative findings. In such a case, an oral objection to the tentative findings may be made at the time of sentencing.

    (b) A written objection to tentative findings is required if evidence will be offered in support of the objection to the tentative findings or if a new substantial issue of law is raised in support of the objection to the tentative findings. If evidence will be offered in support of the written objection to the tentative findings, the written objection shall include a statement describing why an evidentiary hearing is required, what evidence will be presented, and how long such a hearing would take. If a new substantial issue of law is raised in support of the written objection to tentative findings, such an objection shall be supported by a brief. Unless the court orders otherwise, a written objection to the tentative findings will be resolved at sentencing in such manner as the court deems appropriate.

    (c) Any written objection to tentative findings shall be filed no later than five business days prior to the date set for sentencing. If that is not possible due to the lack of time between the issuance of tentative findings and the sentencing hearing, the written objection shall be filed as soon as possible but not later than one business day prior to sentencing.

9. **August 23, 2016 at 12:00 p.m.**: Sentencing before Judge Kopf in Lincoln, Courtroom #2.

A probation officer must submit a sentencing recommendation to the sentencing judge no later than seven days after the issuance of an order described in subparagraph (7) or, if no order is issued, no later than 14 days after the date set in subparagraph (6). The probation officer is directed to provide copies of any sentencing recommendation to counsel for the government and counsel for the defendant at the time the recommendation is submitted to the sentencing judge.

The dates in paragraphs 3 and 4 of this order may be altered by written notice to counsel and the judge by the probation office.

DATED this 26th day of May, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge